United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03 - 60425
SUMMARY CALENDAR

———————————————

CHARLES LAVEL STRINGER,

Plaintiff - Appellant,

v.

ERIC ALBEN, Hinds County Deputy Sheriff;
HINDS COUNTY SHERIFF'S DEPARTMENT,

Defendants - Appellees.

_____

On Appeal from the United States District Court for the
Southern District of Mississippi
(3:01-CV-820-BN)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal we review the district court's decision to grant Defendants - Appellees', Eric

Alben and the Hinds County Sheriff's Department, motion for summary judgement on Plaintiff -

Appellant's, Charles Stringer (hereinafter, "Stringer"), civil rights complaint brought under 42

---

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

U.S.C. §§ 1983 and 1985. For the following reasons, we affirm the district court's decision.

I.

PROCEDURAL AND FACTUAL BACKGROUND

Stringer was arrested at the Mississippi State Fair for possession of marijuana and public drunkenness. He was taken to the Hinds County Jail where he was searched, held until 12:19 a.m., and then released on bond. He paid a $1,000 bond and a $25 bond fee. Police reports show that the arresting officer was John Cooley and the booking officer was Richard Simmons. A jail intake report indicates that it was Deputy Eric Alben who searched Stringer after he was arrested and booked. No affidavit was ever filed and Stringer claims he never received a summons from the court regarding these charges.

Stringer's complaint alleges that Deputy Alben conspired to arrest him and force him to pay the bond and bond fee. Stringer also alleges that the Hinds County Sheriff's Department's policies deprived him of his property. Stringer sought a declaratory judgement, $20,000 in compensatory damages, and $20,000 in punitive damages.

Defandants moved for summary judgment on the claims and the district court ruled in their favor, holding that Stringer failed to allege any wrongdoing on the part of Alben. The court also held that Defendants were entitled to summary judgment on Stringer's official capacity claim based on the defense of qualified immunity because Stringer alleged no facts and presented no evidence that Alben acted in a way that could have violated Stringer's constitutional rights. The court also held for Alben on Stringer's § 1985 claim because Stringer failed to present evidence of a conspiracy. Finally, the court granted Defendants' motion for summary judgment on Stringer's Fifth Amendment claim because the amendment is only applicable to federal actors.

-2-

Stringer filed a Rule 59(e) motion to alter or amend the judgement, arguing that the district judge should have recused himself because one of the judge's relatives is on the Hinds County Board of Supervisors and because one of the judge's relatives was running for governor of Mississippi. He also argued that the district court erred by failing to allow him to amend his complaint before entering a final judgment. The district court denied his motion and Stringer filed a timely notice of appeal.

II.

RECUSAL

Stringer argues that District Judge Barbour should have recused himself because Judge Barbour's relative, Charles Barbour, is on the Hinds County Board of Supervisors, the entity that hired defense counsel for Deputy Alben and the Sheriff's Department according to Stringer. Stringer also argues that Judge Barbour should have recused himself because the judge's relative, Haley Barbour, was running for governor of Mississippi.

We review the denial of a motion for recusal for an abuse of discretion. *United States v. MMR Corp.*, 954 F.2d 1040, 1044 (5th Cir. 1992); *United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir. 1985). Motions for recusal based on 28 U.S.C. § 455 require recusal only for personal, extrajudicial bias. *MMR Corp.*, 954 F.2d at 1045-46. A judge should disqualify himself if his impartiality might reasonably be questioned or if he, his spouse, or a person within the third degree of relationship to him (i) is a party, (ii) is acting as a lawyer in the proceeding, (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding, or (iv) is likely to be a material witness. *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988); 28 U.S.C. § 455(b)(5).

-3-

There is no evidence that either Charles or Haley Barbour is related to Judge Barbour. Further, there is no evidence that the Hinds County Board of Supervisors hired the defense counsel in this case. Neither Charles nor Haley Barbour is a party or lawyer in this case; neither is likely to be a material witness; and neither has been shown to have an interest in this case. Stringer fails to show that recusal was required, and a reasonable person would not doubt the impartiality of the district court.

## III.

## SUMMARY JUDGMENT

Stringer argues that the district court erroneously denied his motion for summary judgment and granted Defendants' motion for summary judgment. Stringer's main argument is that neither absolute nor qualified immunity applies to Alben because Mississippi law waives immunity to the extent of coverage when liability insurance is purchased by state actors. Stringer also reasserts that Alben conspired to violate his civil rights by arresting him, searching him, and forcing him to pay a bond and bond fee.

We review the district court's grant of summary judgment de novo. *Haley v. Townley*, 45 F.3d 914, 917 (5th Cir. 1995). Summary judgment is appropriate when, considering all of the allegations and evidence, and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

42 U.S.C. § 1983 authorizes suits for damages against any person who acts under color of state law to deprive another person of his constitutional rights. Stringer asserts his claims against Alben in both Alben's official and individual capacities. An official claim against Alben is a claim

against the county because a county or municipality may be liable under § 1983 if an official policy or custom caused the deprivation of a constitutional right. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996); *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978).

In a suit against a government official in their individual capacity, the complainant must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). However, qualified immunity serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of clearly established law. *Felton v. Pooles*, 315 F.3d 470, 477 (5th Cir. 2002).

Alben was not the arresting officer in this case. He searched Stringer only after Officers Cooley and Simmons had arrested and booked Stringer. Stringer's allegations that Alben conspired to violate his civil rights is conclusory and insufficient to defeat summary judgment. *See Little*, 37 F.3d at 1075; *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).

Stringer also fails to identify any policy or custom that caused the deprivation of a constitutional right. Thus, his claims against Alben in his official capacity were properly disposed of at summary judgment. *See Monell*, 436 U.S. at 694.

Finally, Stringer abandoned his 42 U.S.C. § 1985 and Fifth Amendment claims by failing to brief them and address the district court's conclusion that Stringer failed to allege facts showing a conspiracy. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's decision granting Defendants' summary judgment motion and denying Stringer's motion is

affirmed.

## IV.

## AMENDMENT TO THE COMPLAINT

Stringer's final argument is that the district court erred by not allowing him to amend his complaint before entering a final judgment. Stringer did not move to amend his complaint prior to filing his Rule 59(e) motion to alter or amend the court's judgment. Thus, the district court could not have abused its discretion by ruling on the summary judgment motions and entering a final judgment. Stringer argues instead that the district court should have construed his reply to Defendants' response to his motion for summary judgment as an amendment to his complaint.

We review the district court's decision to grant or deny a motion to amend for abuse of discretion. *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995).

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Thereafter, a party may amend his pleading only by leave of court or by written consent of the adverse party. *Id.* The district court is instructed to grant leave to amend freely when justice requires. *Id.*

Stringer's reply to Defendants' response to his motion for summary judgment cannot be construed as an amendment taken as of right because it was filed after the Defendants' response. Thus, his reply could only act as an amendment to the complaint if the court first granted leave to amend. However, Stringer did not request leave to amend his complaint in his reply brief. Stringer merely asserted that he had spoken to many deputy sheriffs in the course of his arrest, and that if the district court granted summary judgment for Defendants, Stringer would have no choice but to file a motion to amend his complaint. Stringer's reply to Defendants' response was

-6-

not a motion to amend his complaint.  Thus, the district court did not abuse its discretion.

V.

CONCLUSION

For the foregoing reasons, we affirm the district court's decision.